IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                  MDL 2327

---

THIS DOCUMENT RELATES TO:

*Barrett v. Johnson & Johnson*                    Civil Action No. 2:13-cv-19979

ORDER

Pending is (1) a Motion to Strike Delinquent Opposition, filed by defendant Johnson & Johnson on November 20, 2017 ("Motion to Strike") [ECF No. 9], and (2) a Motion to Dismiss for Failure to Timely Effect Service of Process, filed by defendant Johnson & Johnson on October 5, 2017 ("Motion to Dismiss"). [ECF No. 6]. For the reasons stated below, both the Motion to Strike and the Motion to Dismiss are **GRANTED**.

I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 28,000 cases currently pending, over 17,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the

court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). However, in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." *See* Pretrial Order #20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf. Thus, the court excused the plaintiff from formally serving process on the defendants here, if she completed this simple procedure. Nevertheless, the plaintiff in this case failed to effectuate service by either method within the time allotted under Federal Rule of Civil Procedure 4(m).[1]

Here, the plaintiff filed her complaint with the court on July 12, 2013 (Complaint [ECF No. 1]). The plaintiff was therefore required to either serve the defendant under Rule 4 or comply with Pretrial Order # 20 by approximately November 11, 2013, but never effectuated service by either method. (Defs.' Mot. to Dismiss [ECF No. 6]). In the Motion to Dismiss, the defendant seeks its dismissal from this case pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

Although her deadline to respond to the Motion to Dismiss had passed, the plaintiff filed a Response in opposition to the Motion to Dismiss on November 13,

---

[1] Any reference to rule 4(m) of the Federal Rules of Civil Procedure is to the 1993 version in effect at the time the plaintiffs filed the complaint with this court.

2017 ("Response") – nearly a month late. [ECF No. 8]. In her Response, the plaintiff does not account for her untimeliness in opposing the Motion to Dismiss.

On November 20, 2017, the defendant filed the Motion to Strike, requesting the court not consider the Response when addressing the Motion to Dismiss on grounds that plaintiff improperly filed it several weeks late. Mot. to Strike 3-4. The deadline to file a response to the Motion to Strike has now passed and, as of the date of this order, the plaintiff has still not filed a response.

II. Analysis

A. Motion to Strike

The defendant moves to strike the plaintiff's Response as untimely under Local Rule of Procedure 7.1(a)(7), which provides:

> Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties *within 14 days* from the date of service of the motion.

There can be no question that the plaintiff filed her Response a few weeks after the running of her deadline. Because the plaintiff failed to address the tardiness of her Response, coupled with the absence of any response to the Motion to Strike itself, the court finds it appropriate to review the Motion to Dismiss without consideration of the plaintiff's Response. *See Watson v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 5:13-CV-01939, 2013 WL 2000267, at *2 (S.D. W. Va. May 13, 2013) (striking plaintiff's response, noting that the plaintiff "did not seek leave of the Court prior to filing his response" and "did not assert any statement of good cause, excusable neglect or other explanation to support his untimely submission"); *Pearson v. Prichard's Excavating & Mobile Home Transp.*, No. 3:13-CV-19629, 2014 WL 534221, at *1 n.5

(S.D. W. Va. Feb. 10, 2014) (striking defendant's untimely response, noting that the defendant did not seek leave to extend the 14-day deadline or "argue that its delay in filing the Response [was] due to excusable neglect") (citing Federal Rule of Civil Procedure 6(b)(1)(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The Motion to Strike is **GRANTED**.

B. Motion to Dismiss

The defendant moves to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Rule 4(m), which governs the sufficiency of service of process, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As noted above, the plaintiff failed to effectuated service timely. In the absence of a response in opposition on the record, the court **ORDERS** that the Motion to Dismiss for Failure to Timely Effect Service of Process, filed by defendant Johnson & Johnson, is **GRANTED**. *See Osborne v. Long*, 2012 WL 851106, at *10 n.5 (S.D. W. Va. 2012) (referencing authority for the proposition that federal courts may grant a motion to dismiss without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession to that motion, or that dismissal is appropriate as a sanction for failure to prosecute) (citing *Fox v. American Airlines,*

*Inc.,* 389 F.3d 1291, 1294–1295 (D.C. Cir. 2004); *Pomerleau v. West Springfield Public Schools,* 362 F.3d 143, 145 (1st Cir. 2004); *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)).

**Because Johnson & Johnson is the only named defendant in this case, the court ORDERS that this case be DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 3, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE